1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8                      AT SEATTLE

9

10   JAMAL L. HILL,                         CASE NO. 13-CV-0607JLR

11                   Plaintiff,             ORDER GRANTING
                                            PLAINTIFF'S MOTION TO
12            v.                            REMAND

13   STATE FARM MUTUAL
     AUTOMOBILE INSURANCE
14   COMPANY,

15                   Defendant.

16                    **I.      INTRODUCTION**

17         This matter comes before the court on Plaintiff Jamal Hill's motion to remand.

18   (Mot. (Dkt. # 9).)  Having considered the motion, the parties' submissions, and the

19   governing law, and no party having requested oral argument, the court GRANTS Mr.

20   Hill's motion to remand.

21

22

ORDER- 1

## II.    BACKGROUND

This is a dispute over an insurance claim.  Mr. Hill alleges that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), failed to fulfill its contractual common law and statutory obligations under Washington State law to fully compensate Mr. Hill following an automobile collision that occurred on September 12, 2007.  (Compl. (Dkt. # 5).)  On March 21, 2012, after State Farm rejected his policy claims (*id.* ¶¶ 3.37-4.41), Mr. Hill, through his attorney, served a summons and complaint on State Farm through the Insurance Commissioner of the State of Washington.  (Reply (Dkt. # 11-1) Ex. 1 at 2-3.)  Acceptance of the summons and complaint was certified on March 22, 2012.  (*Id.*)  The complaint was filed with the King County Superior Court on April 18, 2012.  (Reply (Dkt. # 11-5) Ex. 8 at 8.)  On July 24, 2012, State Farm served and filed its answer.  (Not. of Removal (Dkt. # 1-2) Ex. 3.)  On March 27, 2013, State Farm filed its first interrogatories and requests for production to Mr. Hill.  (Not. of Removal (Dkt. # 1-2) Ex. 4.)  On April 4, 2013, State Farm filed its notice of removal pursuant to diversity jurisdiction and 28 USC § 1441(b).  (Not. to Plaintiff of Removal (Dkt. # 2).)  Mr. Hill objects to removal on the grounds that State Farm (1) exceeded the one-year bar on removal pursuant to 28 USC § 1446(c)(1), and (2) was aware that Mr. Hill's claims exceeded $75,000 in damages more than 30 days prior to the filing of the removal action.  (*See generally* Mot.)

## III.    GOVERNING LAW

Any civil action over which federal courts have original jurisdiction may be removed by a defendant from state court to federal district court.  28 U.S.C. § 1441.  This

1   includes cases based on diversity of citizenship. 28 USC § 1332(a). To remove a case

2   from state to federal court, a defendant "shall file in the district court . . . a notice of

3   removal . . . containing a short and plain statement of the grounds for removal, together

4   with a copy of all process, pleadings, and orders served upon such defendant or

5   defendants in such action." 28 USC § 1446(a). "If it appears that the federal court lacks

6   jurisdiction, however, 'the case shall be remanded.'" *Martin v. Franklin Capital Corp.*,

7   546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). "Challenges to removal

8   jurisdiction require an inquiry into the circumstances at the time the notice of removal is

9   filed." *Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 871 (9th Cir. 2004).

10  Any doubts about removability are resolved in favor of remanding the case to state court.

11  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*,

12  980 F.2d 564, 566 (9th Cir. 1992).

13         Removal is governed by 28 USC § 1446. That statute generally provides time

14  periods in which a case can be removed. 28 USC § 1446; *Harris v. Bankers Life and

15  Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). Relevant to this case, the statute provides a

16  bar on removal of actions "on the basis of [diversity jurisdiction] more than 1 year after

17  commencement of the action, unless the district court finds that the plaintiff has acted in

18  bad faith in order to prevent a defendant from removing the action." 28 USC

19  § 1446(c)(1). This prevents "unreasonable waste of judicial resources by limiting the

20  extended period of removal to one year after 'commencement of the action.'" *Harris*,

21  425 F.3d at 697 (quoting 28 USC § 1446(c)(1)). The one year limit "gives the defendant

22  sufficient incentive and time to determine the facts to justify removal without imposing

an undue burden to investigate removal within the first thirty days of receiving an indeterminate complaint." *Id.*; *see Lovern v. General Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997) ("This [one-year] bar creates, we believe, a sufficient incentive for defendants promptly to investigate the factual requisites for diversity jurisdiction, including the citizenship of the plaintiff and the amount in controversy.").

While the statute creates an absolute bar to removal of an action one year after it has commenced, the statute does not specify when an action is deemed commenced.  The Ninth Circuit clarified in *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005), that commencement "refers to when an action was initiated in state court, according to the state proceedings."  Other circuits, such as the Eight Circuit, agree that "for purposes of the one-year limitation on removal specified in the second paragraph of 1445(b), it is 'clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court.'" *Id.*  (quoting *Cannon v. Kroger Co.*, 837 F.2d 660, 664 (8th Cir. 1998)); *see also Confer v. Horsehead Research and Dev. Co.*, 805 F. Supp. 541 (E.D. Tenn. 1991) (concluding that the great majority of federal courts look to state court rules on commencement for purposes of determining whether one year has passed for purposes of § 1446(b) removal); *Perez v. General Packer, Inc.*, 790 F. Supp. 1464 (C.D. Cal. 1992) (With the exception of two federal district courts, "all other courts addressing this issue have found that a case, for purposes of § 1446(b), 'commences' when it is filed in state court.   In removal cases the timing of 'commencement' is controlled by the law of the state in which the action originated.").  Although Federal Rule of Civil Procedure 3 controls when an action

1  commences in Federal Court, the Supreme Court clarified that "Rule 3 and [the

2  corresponding state rule of civil procedure] can exist side by side, therefore, each

3  controlling its own intended sphere of coverage without conflict." *Walker v. Armco Steel*

4  *Corp.*, 446 U.S. 740, 752 (1980); *see also McAtee v. Capital One, F.S.B.*, 479 F.3d 1143,

5  1146 (9th Cir. 2007).  In sum, for removal cases, the dispositive rule on commencement

6  is defined by the state where the action is brought.

7          Washington Superior Court Civil Rule ("CR") 3 defines the commencement of an

8  action for Washington State civil actions.  Wash. CR 3(a).  Per CR 3, "a civil action is

9  commenced by service of a copy of a summons together with a copy of a complaint, as

10 provided in rule 4 or by filing a complaint."  *Id*.  The Rule allows flexibility for a

11 plaintiff, as they may either file first, or serve the complaint and keep the action out of

12 court with the option to settle.  *See Seattle Seahawks, Inc. v. King Cnty.*, 913 P.2d 375,

13 376 (Wash. 1996).  Rule 3 also allows the defendant flexibility.  If plaintiff has served the

14 summons and complaint but has not filed the complaint, the defendant, upon written

15 demand, can demand that the plaintiff file.  CR 3.  The Rule provides "a safety valve for

16 a state court defendant, who otherwise would not be able to appear and resist default."

17 *LeClair v. Suttell & Associates, P.S.*, No. C09-1047-JCC, 2010 WL 417418, at *5 n.5

18 (W.D. Wash. Jan. 29, 2010).

19                          **IV.    DISCUSSION**

20         The dispositive issue in Mr. Hill's motion to remand is whether State Farm's

21 notice of removal occurred within the one-year time period from when Mr. Hill's action

22 commenced.  (*See generally* Mot.)  The parties do not dispute the amount in controversy

1    or diversity of citizenship.  (Mot. at 3; Reply (Dkt. # 11) at 1.)  For cases removed from

2    state court, the removing defendant has the burden of establishing federal jurisdiction,

3    and an objecting plaintiff has the burden of establishing that removal is improper.

4    *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-683 (9th Cir. 2006); *Gaus v.*

5    *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).  Thus, Mr. Hill has to burden to establish

6    that removal was improper.  According to the standards outlined above, the governing

7    laws, and the record presented, the court agrees with Mr. Hill's arguments that removal is

8    not appropriate pursuant to 28 USC § 1446(c)(1) and GRANTS the motion to remand.

9         Mr. Hill argues that the notice of removal was untimely because State Farm did

10   not file "until more than one year after service of the summons and complaint."  (Mot. at

11   2).  Mr. Hill is correct in this argument.  Per the factual record, State Farm was served a

12   copy of the summons and complaint on March 21, 2012.  (Reply (Dkt. # 11-1) Ex. 1 at

13   2-3.)  Acceptance of the summons and complaint was certified in King County Superior

14   Court on March 22, 2012.  (*Id.*)  The complaint was later filed in Superior Court on April

15   18, 2012.  (Reply (Dkt. # 11-5) Ex. 8 at 8.)  As explained above, under Washington State

16   law, "a civil action is commenced by service of a copy of a summons together with a

17   copy of a complaint, as provided in rule 4 or by filing a complaint."  Wash. CR 3(a).  Mr.

18   Hill's complaint was commenced on March 21, 2012, when State Farm was served a

19   copy of the summons and complaint.  (Reply (Dkt. # 11-1) Ex. 1 at 2-3.)  Pursuant to 28

20   USC § 1446(c)(1), State Farm had one year from March 21, 2012, to remove the action to

21   federal court.  The notice of removal was filed on April 4, 2013.  (Not. to Plaintiff of

22

ORDER- 6

1   Removal (Dkt. # 2).)  Thus, State Farm exceeded the one year time period for removal

2   and removal was improper.

3         State Farm argues that the notice of removal was timely because it was filed

4   within 30 days of knowing that the amount in controversy exceeded $75,000.  (Reply at

5   4-5.)  The court does not need to address this argument in light of the one-year bar on

6   removal.  The one-year bar on removal is strictly applied.  (*Lovern*, 121 F.3d at 163 ("In

7   diversity cases, the statute explicitly safeguards against such a strategic delay by erecting

8   an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C.

9   § 1332.")).  Although State Farm is correct to assert that the four corners of Mr. Hill's

10  complaint did not state an amount in controversy, State Farm had the burden to inquire

11  into the amount within the one-year time period.  (*See generally* Compl.; *Harris*, 425

12  F.3d at 697.)  The one-year bar on removal provides a ceiling on the time allowed to

13  ensure that the defendant looks into the matter in a timely manner.  *Harris*, 425 F.3d at

14  697; *see Lovern*, 121 F.3d at 163 ("This [one-year] bar creates, we believe, a sufficient

15  incentive for defendants promptly to investigate the factual requisites for diversity

16  jurisdiction, including the citizenship of the plaintiff and the amount in controversy.").

17  State Farm had one year to inquire as to the amount in controversy, regardless of whether

18  it should have known or had reason to know the amount in controversy before that time.

19  Because State Farm chose to not look into the matter within the one-year period, it was

20  outside of the statutory requirements of 28 USC § 1446(c)(1) to remove on April 4, 2013,

21  and removal was no longer permissible.

22

1    State Farm also asserts that removal is timely pursuant to 29 U.S.C. § 1446(c)(1)

2  because Mr. Hill acted in bad faith.  (Reply at 9.)  The statute creates an exception to the

3  one-year bar if the "district court finds that the plaintiff acted in bad faith to prevent the

4  defendant from removing the action."  28 USC § 1446(c)(1).  Specifically, State Farm

5  asserts that Mr. Hill acted in bad faith by going back on an assurance made between Mr.

6  Jamal's counsel and State Farm's counsel that Plaintiff would not contest removal.

7  (Reply at 9.)  Counsel for both sides agree that they had a conversation regarding the

8  action, but Mr. Hill's counsel declared that "at no time, and in no uncertain terms was

9  there ever an agreement whereby Plaintiff agreed to waive any objections in return for

10  State Farm choosing to remove the case to federal court."  (Reply Declaration of Noah

11  Davis (Dkt. # 13).)  It appears that a misunderstanding occurred between the parties, and

12  while unfortunate, it does not relieve State Farm of its burden to comply with the

13  statutory requirements of 28 USC § 1446(c)(1).

14    Additionally, the Supreme Court and the Ninth Circuit have reaffirmed that

15  "removal statutes are to be strictly construed against removal and in favor of remand."

16  *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gould v. Mutual Life Ins.*

17  *Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) ("Removal jurisdiction is statutory and

18  strictly construed.").  Thus, unless the defendant "demonstrates compelling reasons for

19  retaining diversity jurisdiction, [courts] should remand . . . to state court."  *Coman*, 713

20  F. Supp at 1326; *see also Abrego Abrego*, 443 F.3d at 678-79.  Because State Farm has

21  not demonstrated compelling reasons for retaining diversity jurisdiction in this court, nor

22

ORDER- 8

1  did it comply with the requirements of 28 USC § 1446(c)(1), the court REMANDS this

2  case back to state court.

### V.      CONCLUSION

4      For the foregoing reasons, the court GRANTS Mr. Hill's motion to remand (Dkt.

5  # 9).

6      Dated this 24th day of June, 2013.

7

8

9  _____

10  JAMES L. ROBART
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 9